UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN ANTHONY MOORE,
     Plaintiff,

vs.                               Case No.: 3:23cv10059/MCR/ZCB

JOHN L. MILLER, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action on May 12, 2023. (Docs. 1, 4). On May 24, 2023, the Court pointed out deficiencies in Plaintiff's complaint and gave him an opportunity to correct the deficiencies by filing an amended complaint. (Doc. 5). Presently before the Court is Plaintiff's amended complaint. (Doc. 9). The Court is statutorily required to screen Plaintiff's amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions). Upon review of the amended complaint, it is clear that Plaintiff

1

is seeking relief from Defendants who are immune.    Thus, this case should be dismissed.[1]

## I.    Background

The two Defendants named in the amended complaint are judges on Florida's First Judicial Circuit Court: John L. Miller and David Harold Rimmer.    (Doc. 9 at 3).    Plaintiff asserts a Fourteenth Amendment due process violation against Defendants based on their decisions in a state child custody case.    (*Id.* at 6).

In the amended complaint, Plaintiff alleges he was given physical custody of his daughter in 2012.    He further claims that his custody was interrupted in 2022 after a former partner pressed charges against him.    (*Id.*).    Plaintiff alleges that when the charges against him were dropped, the child was not returned to Plaintiff.    (*Id.*).    Plaintiff then alleges that, over his objection, Defendant Miller granted Plaintiff's former partner concurrent custody of Plaintiff's daughter.    (*Id.*).    Plaintiff alleges he did not feel he could direct the care, custody, and control of his daughter concurrently with his former partner.    (*Id.*).    As best the Court can tell from the

---

[1] Here, Plaintiff was provided with an opportunity to amend his complaint when a prior version was found deficient. (Doc. 5). Although Plaintiff has filed an amended complaint, he has not sufficiently corrected the deficiencies previously identified. Thus, dismissal is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

amended complaint, it appears Plaintiff and his former partner had an additional hearing on the issue before both Defendants. (*Id.*). After that hearing, the concurrent custody order was kept in place. (*Id.*).

As relief, Plaintiff requests that "the courts provide psychological and educational evaluation/testing/therapy/support for 2 years for child (sic)," that kidnapping charges be initiated, and that he be awarded $1,000,000 in damages. (*Id.* at 6).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III.    Discussion

Plaintiff's amended complaint is subject to dismissal because it names Defendants who are immune from suit. Here, Plaintiff seeks monetary damages from state court judges for actions taken in their judicial capacity. As the Court has already informed Plaintiff (Doc. 5 at 6), judges are entitled to absolute judicial immunity from money damages for acts taken in their judicial capacity unless they acted "in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (cleaned up). Here, Plaintiff's allegations against Defendants Miller and Rimmer involve judicial functions (i.e., making child custody determinations). Indeed, there is "no dispute" that issuing orders in state child support proceedings "constitute[s a] normal judicial function." *Austin v. Judge*, 851 F. App'x 173, 175 (11th Cir. 2021) (dismissing a *pro se* civil rights action because the defendant state court judges were entitled to absolute judicial immunity for their entry of orders in

the plaintiff's state domestic proceedings); *see also Ardis v. Bergosh*, No. 3:18-cv-1273, 2018 WL 3097567, at *1 (N.D. Fla. June 7, 2018) (determining that child custody matters "arise under state law").

The Court understands that Plaintiff is dissatisfied with Defendants' judicial decisions.  But that dissatisfaction does not provide the basis for a federal civil rights action against Defendants.  If Plaintiff believes Defendants committed legal errors in their handling of his child custody case, then the proper avenue for relief is the filing of an appeal with the appropriate state appellate court.  The proper avenue for relief is not the filing of a federal civil lawsuit against Defendants.  This case, therefore, should be dismissed.

### III.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    This case be **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(iii) because it seeks monetary relief against Defendants who are immune from such relief.

2.    The Clerk of Court be directed to enter judgment and close this case.

At Pensacola, Florida, this 31st day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho

5

United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**